# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 19-1812 FMO (MRW) | Date | January 2, 2020 |
| Title | Legliev v. Colvin | | |

**Present: The Honorable** Michael R. Wilner

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None present | None present |

**Proceedings:** ORDER TO SHOW CAUSE RE: FAILURE TO UPDATE MAILING ADDRESS

1. This is an appeal from the denial of Social Security disability benefits. Plaintiff is a pro se litigant in the action. When the Court recently issued an order (regarding Plaintiff's failure to properly serve the complaint on the government) to Plaintiff's current address of record, the post office returned the item as undeliverable. (Docket # 7, 8.) The notice on the outside of the envelope read "Return to Sender. Attempted – Not Known, Unable to Forward."

2. That presents a major problem. A litigant in federal court is obliged to inform the Court and the defense of any change in address. If Plaintiff fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

> **If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of his current address, the Court may dismiss the action with or without prejudice for want of prosecution.**

3. Based on the recent return of mail, the Court suspects that Plaintiff failed to properly update his address with the Court. Therefore, by January 24, 2020, Plaintiff will file a sworn notice with the Court indicating her current, accurate mailing address.

4. Failure to do so may lead the Court to conclude pursuant to Federal Rule of Civil Procedure 41 that Plaintiff has no interest in prosecuting this action further or is willing to abide

by court orders, and that dismissal is appropriate under the Local Rule. <u>Applied Underwriters, Inc. v. Lichtenegger</u>, 913 F.3d 884 (9th Cir. 2019).

  5. The Court further directs the Clerk to serve with this order a copy of the earlier order at Docket # 7.