# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L.,[1]<br><br>      Plaintiff,<br><br>v.<br><br>ANDREW SAUL, COMMISSIONER,<br><br>      Defendant.[2] | Case No. ED CV 19-1812 FMO (MRW)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE** |

The Court dismisses the action pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute.

\* \* \*

1. This is an appeal from the denial of Social Security disability benefits. Plaintiff is a <u>pro se</u> litigant in the action.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Per Federal Rule of Civil Procedure 25(d), Commissioner Saul is automatically substituted in this action.

2. Magistrate Judge Wilner granted Plaintiff's request for IFP status. (Docket # 5.) Judge Wilner directed Plaintiff to submit a request to the U.S. Marshals Service for service of process on the government or serve the complaint in compliance with Federal Rule of Civil Procedure 4. (Docket # 6 (citing 28 U.S.C. § 1915 and Rule 4).)

3. Plaintiff failed to file a timely request with the Marshals Service. Judge Wilner issued another order directing Plaintiff to serve the complaint directly. (Docket # 7.) The order expressly advised Plaintiff that failure to comply would result in a recommendation under Rule 41 that the matter be dismissed for failure to prosecute or obey court orders. The order cited the Ninth Circuit's recent opinion (Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884 (9th Cir. 2019)) regarding dismissal of civil actions. (Id.)

4. The Court sent that order to Plaintiff's current address of record. The post office returned the order as undeliverable. (Docket # 8.)

5. Judge Wilner then issued an order to show cause why the action should not be dismissed for Plaintiff's failure to update his mailing address. (Docket # 9.) The post office returned that order as undeliverable, too. (Docket # 10.)

6. To date, Plaintiff has not responded to any of the Court's orders. He also has not served the complaint on the government.

\* \* \*

7. Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

8. Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

9. Further, Local Rule 41-6 provides in pertinent part:
> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number[.] If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

10. The dismissal of an action based on a litigant's failure to inform a district court of his or her address is reviewed for abuse of discretion. Carey, 856 F.2d at 1440; Hickman v. County of Butte, 586 F. App'x 285 (9th Cir. 2014) (same).

* * *

11. In the present action, the Court finds dismissal is appropriate under Rule 41(b) and Local Rule 41-6. Plaintiff failed to provide the Court with up-to-date contact information. As a result, several orders of this Court were returned as undeliverable. The magistrate judge previously issued an OSC and gave Petitioner ample opportunity to update his address with the Court as required by Local Rule 41-6. Plaintiff's failure to do so – because that order came back to the Court, too – demonstrates that he has no interest in advancing the action here.

12. By contrast, the Court, the defense, and the public have a strong interest in terminating this action. <u>Omstead</u>, 594 F. 3d at 1084. This is particularly true given that Plaintiff effectively chose to abandon his case by failing to update this Court with his current whereabouts, thereby preventing any feasible advancement of the matter.

13. Furthermore, because Plaintiff is a <u>pro se</u> litigant who did not abide by the Court's recent orders, no sanction short of dismissal will be effective in moving this case forward. <u>Carey</u>, 856 F.2d at 1440.

Accordingly, for the reasons discussed above, this action is DISMISSED with prejudice. <u>See</u> Fed. R. Civ. P. 41(b) (dismissal under rule ordinarily "operates as an adjudication on the merits").

IT IS SO ORDERED.

Dated: January 21, 2020                    /s/
                                           HON. FERNANDO M. OLGUIN
                                           UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE